JOHN L. BURRIS Esq., SBN 69888
BENJAMIN NISENBAUM, Esq., SBN 222173
JAMES COOK Esq., SBN 300212
**LAW OFFICES OF JOHN L. BURRIS**
Airport Corporate Centre
7677 Oakport Street, Suite 1120
Oakland, California 94621
Telephone: (510) 839-5200
Facsimile: (510) 839-3882
john.burris@johnburrislaw.com
ben.nisenbaum@johnburrislaw.com
james.cook@johnburrislaw.com

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRITTONI ESTRELLA individually and as co-successor-in interest to Decedent PAUL DAVID CHAVEZ JR.; P.C., a minor, by and thru Guardian Ad Litem BRITTONI ESTRELLA, J.C., a minor, by and thru Guardian Ad Litem BRITTONI ESTRELLA, A.C., a minor, by and thru Guardian Ad Litem BRITTONI ESTRELLA, all of whom are co-successors-in interest to Decedent PAUL DAVID CHAVEZ JR., <br><br> Plaintiffs, <br><br> vs. <br><br> CITY OF MODESTO, a municipal corporation; and DOES 1-50, inclusive, individually, jointly, and severally, <br><br> Defendants. | CASE NO.: <br><br> **COMPLAINT FOR DAMAGES** <br><br> **JURY TRIAL DEMANDED** |

**INTRODUCTION**

1. This is an action for damages brought pursuant to Title 42 U.S.C. §§1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution, under California Civil Code §52.1, and under the common law of California, for City of Modesto officers' conscience-shocking use of excessive force against Paul David Chavez Jr.

**JURISDICTION**

2. This action arises under Title 42 of the United States Code, §1983. Title 28 of the United States Code, §§1331 and 1343 confers jurisdiction upon this Court. The unlawful acts and practices alleged herein occurred in the County of Stanislaus, which is within the judicial district of this Court. This Court also has supplemental jurisdiction over Plaintiffs' state law causes of action under 28 U.S.C. §1367.

**PARTIES**

3. Plaintiff BRITTONI ESTRELLA ("PLAINTIFFS" or "ESTRELLA") has been and is a resident of California.

4. Plaintiff P.C. ("PLAINTIFFS" or "P.C.") is a minor of the Decedent and is represented by and through Guardian ad Litem BRITTONI ESTRELLA. P.C. has been and is a resident of California.

5. Plaintiff J. C. ("PLAINTIFFS" or "J.C.") is a minor of the Decedent and is represented by and through Guardian ad Litem BRITTONI ESTRELLA. J.C. has been and is a resident of California.

6. Plaintiff A. C. ("PLAINTIFFS" or "A.C.") is a minor of the Decedent and is represented by and through Guardian ad Litem BRITTONI ESTRELLA. A.C. has been and is a resident of California.

7. Decedent PAUL DAVID CHAVEZ JR. ("DECEDENT" or "CHAVEZ") was a resident of California.

8. Defendant CITY OF MODESTO ("CITY") is an incorporated public entity duly authorized and existing as such in and under the laws of the State of California; at all times

herein mentioned, Defendant CITY has possessed the power and authority to adopt policies and prescribe rules, regulations and practices affecting the operation of the CITY OF MODESTO Police Department and its tactics, methods, practices, customs and usage. At all relevant times, Defendant CITY was the employer of Defendant CITY Police Officers, individually and in their official capacity.

9. Plaintiffs are ignorant of the true names and capacities of Defendants DOES 1-50, inclusive, and therefore sue these Defendants by such fictitious names. Plaintiffs are informed and believe and thereon allege that each Defendant so named is responsible in some manner for the injuries and damages sustained by Decedent as set forth herein. Plaintiffs will amend this Complaint to state the names and capacities of DOES 1-50, inclusive, when they have been ascertained.

## ADMINISTRATIVE PREREQUISITES

10. Plaintiffs are required to comply with an administrative tort claim requirement under California law. On July 25, 2022, Plaintiffs submitted a claim to the Office of the City Clerk for the City of Modesto. City of Modesto has not yet acted on the claim. Plaintiffs have not exhausted all administrative remedies pursuant to California Government Code §910.

## FACTUAL ALLEGATIONS

11. The incident took place on July 14, 2022 at approximately 5:45 p.m. at 1409 Entrada Way in Modesto, CA 95355. Modesto Police Department officers unnecessarily Tased, shot, and killed Paul David Chavez, Jr., all in rapid succession.

12. At the time of the incident, Mr. Chavez returned home in the early evening intoxicated. His wife, Brittoni Estrella, asked Chavez to leave. Estrella's father called 911. Mr. Chavez walked out of the house without incident. He sat down on a neighbor's lawn. Modesto police officers arrived. Chavez did not interact with the two Defendant Modesto Police Officer DOES and was obviously drunk. He held a tow hitch in his hand, and never threatened the officers with it. He was not in close proximity to anyone else, and the two Defendant Officers had walked up closely to him of their own accord. One Defendant Officer DOE held a taser

pointed at Mr. Chavez from a close distance, while the second Defendant Officer DOE stood next to that officer, holding his firearm trained directly on Mr. Chavez. The officer with the Taser activated the Taser and immediately after that, without any warning or provocation, the Defendant Officer DOE pointing the gun at Mr. Chavez opened fire, shooting Mr. Chavez. One bullet struck and passed through Mr. Chavez's upper left arm, then continued and struck the left side of his upper torso, and exited the right front of his upper chest. The Taser continued to be activated and could be heard. Mr. Chavez, who was shirtless, remained on his feet, and turned away from the Defendants when he was shot so that his back was facing them. Then Mr. Chavez tossed the tow hitch on the ground and looked down at the blood seeping from the front of his torso and running down his abdomen. Mr. Chavez reached down and touched the dripping blood, then staggered away from the officers. The Defendants still held Mr. Chavez at gunpoint, and the Defendant with the taser continued the tase application after the shooting, and kept holding the taser out as Mr. Chavez staggered away from them and fell.  The callousness displayed by both Defendants throughout the incident shocks any rational person's conscience.

13. At the time of the shooting Mr. Chavez was not physically threatening the officers, nor or anyone else. He was obviously intoxicated, and Defendants knew it.  Ms. Estrella, who was nearby, was rightfully horrified and instantaneously starting screaming and crying and desperately trying to get to her husband to provide comfort. She cried out in disbelief that they had shot her husband. Defendants offered no comfort or reason. Instead they displayed pure indifference to their own malicious actions and her well-being. Officers at the scene ordered her to back up. She was therefore denied being with him as he lay dying several yards away.  The ambulance arrived and the medics transported Chavez to Sutter Memorial Medical Center.

14. That evening, Mr. Chavez was pronounced dead from the gunshot wounds. He leaves behind his grieving wife and three young children.

## DAMAGES

15. Plaintiffs were physically, mentally, emotionally, and financially injured and damaged as a proximate result of Decedent PAUL DAVID CHAVEZ JR.'s wrongful death, including, but not limited to, the loss of Decedent's familial relationships, comfort, protection, companionship, love, affection, solace, and moral support. In addition to these damages, Plaintiffs are entitled to recover for the reasonable value of funeral and burial expenses, pursuant to C.C.P. §§377.60 and 377.61.

16. Plaintiffs are entitled to recover wrongful death damages pursuant to C.C.P. §§377.60 and 377.61 and Probate Code §6402(b).

17. Pursuant to C.C.P. §§377.30, 377.32, and 377.34, Plaintiffs are further entitled to recover for damages incurred by Decedent before he died as the result of being assaulted and battered, for deprivation without due process of Decedent's right to life, and to any penalties or punitive damages to which Decedent would have been entitled to recover, had he lived. Plaintiffs are further entitled to recover for Decedent's own pain and suffering and emotional distress incurred as a consequence of Defendants' section 1983 violations, preceding Decedent's death for violation of Decedent's U.S. Constitutional rights under section 1983.

18. Plaintiffs suffered severe and extreme emotional distress by the wrongful killing of Decedent, as described herein.

19. The conduct of Defendants was malicious, wanton, and oppressive. Plaintiffs are therefore entitled to an award of punitive damages against said individual Defendants.

20. Plaintiffs found it necessary to engage the services of private counsel to vindicate their rights, and the rights of decedent, under the law. Plaintiffs are therefore entitled to recover all attorneys' fees incurred in relation to this action pursuant to Title 42 United States Code §1988.

**FIRST CAUSE OF ACTION**
**(Violation of the Fourth Amendment of the United States Constitution - Excessive Force)**
**(42 U.S.C. § 1983)**
**(PLAINTIFFS against Defendants DOES 1-50)**

21. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 20 of this Complaint.

22. Defendants and DOES 1-50 acted under color of law by killing decedent without lawful justification and subjecting decedent to excessive force thereby depriving Plaintiffs and the decedent of certain constitutionally protected rights, including, but not limited to:

    a. The right to be free from unreasonable searches and seizures, use of excessive force in unreasonably shooting Decedent in violation of the Fourth Amendment.

23. PAUL DAVID CHAVEZ JR. did not pose an immediate threat to Defendants. He did not commit a crime. CHAVEZ returned to his home intoxicated. His wife and father-in-law asked him to leave. They called the police when CHAVEZ ignored them. Shortly after, CHAVEZ left the house. He walked two doors down to a neighbor's house. CHAVEZ laid on the lawn. He did not cause any disturbance. He did not act aggressively. Approximately ten CITY OF MODESTO Police Department officers arrived at the scene. They shouted commands at CHAVEZ. He got up. CHAVEZ stood facing the officers. He had a tail hitch in his hand. CHAVEZ did not interact with nor threaten them in any way. He did not move significantly. He stood on the lawn in a confused state. Without warning, officers then Tased and shot CHAVEZ, and continued to tase him.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

**SECOND CAUSE OF ACTION**
**(Fourteenth Amendment Violations of Plaintiffs' civil rights**
**to familial relationship – 42 U.S.C. section 1983)**
**(PLAINTIFFS against Defendants DOES 1-50)**

24. Plaintiffs reallege and incorporate by reference herein paragraphs 1 through 23 of this Complaint.

25. Defendant officers, acting under color of law, and without due process of the law deprived Plaintiffs of their right to a familial relationship with Decedent PAUL DAVID CHAVEZ JR. by use of unreasonable, unjustified deadly force and violence, causing injuries

which resulted in decedent's death, all without provocation, in violation of the Fourteenth Amendment to the United States Constitution. CHAVEZ did not interact with the officers. He could not fully comprehend the situation. He did not move from where he stood. CHAVEZ held a tail hitch in his hand. He did not swing it at officers. CHAVEZ did not act aggressively in any way. He stood essentially in place, and the Defendants then tased and shot him for no legitimate law enforcement reason. Defendant officers acted maliciously with an intent to harm Decedent CHAVEZ unrelated to legitimate law enforcement purposes in killing Decedent CHAVEZ, given all of the options short of lethal force that were available to them, and the lack of threat he posed.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

### THIRD CAUSE OF ACTION
### (Negligent Wrongful Death)
### (PLAINTIFFS against Defendants DOES 1-50)

26. Plaintiffs reallege and incorporate by reference herein paragraphs 1 through 25 of this Complaint.

27. At all times, Defendants CITY and DOES 1-50 owed Plaintiffs and Decedent the duty to act with due care in the execution and enforcement of any right, law, or legal obligation.

28. At all times, Defendants CITY and DOES 1-50 owed Plaintiffs and Decedent the duty to act with reasonable care.

29. These general duties of reasonable care and due care owed to Plaintiffs by Defendants include but are not limited to the following specific obligations:

    a.    to refrain from using negligent excessive and/or unreasonable force against CHAVEZ;

    b.    to refrain from negligently and unreasonably creating the situation where force, including but not limited to deadly force, is used;

    c.    to refrain from abusing their authority granted them by law; and

      d.    to refrain from violating Plaintiffs' and Decedent's rights guaranteed by the United States and California Constitutions, as set forth above, and as otherwise protected by law.

30. Defendants, through their negligent acts and omissions, breached each and every one of the aforementioned duties owed to Plaintiffs and Decedent.

31. Defendant CITY is vicariously liable for the wrongful acts and omissions of its employees and agents pursuant to Cal. Gov. Code §815.2.

32. As a direct and proximate result of Defendants' negligent use of excessive force resulting in wrongful death, Decedent and Plaintiffs sustained injuries and damages and, against each and every Defendant, is entitled to relief as set forth above.

**FOURTH CAUSE OF ACTION**
**(Intentional Wrongful Death)**
**(PLAINTIFFS against Defendants CITY and DOES 1-50)**

33. Plaintiffs reallege and incorporate by reference herein paragraphs 1 through 32 of this Complaint.

34. At all times, Defendants CITY and DOES 1-50 owed Plaintiffs and Decedent the duty to act with due care in the execution and enforcement of any right, law, or legal obligation.

35. At all times, Defendants CITY and DOES 1-50 owed Plaintiffs and Decedent the duty to act with reasonable care.

36. These general duties of reasonable care and due care owed to Plaintiffs by Defendants include but are not limited to the following specific obligations:

      a.    to refrain from using intentional excessive and/or unreasonable force against CHAVEZ;

      b.    to refrain from intentionally and unreasonably creating the situation where excessive force, including but not limited to deadly force, is used;

      c.    to refrain from intentionally abusing their authority granted them by law; and

      d.    to refrain from violating Plaintiffs' and Decedent's rights guaranteed by the United States and California Constitutions, as set forth above, and as otherwise protected by law.

37. Defendants, through their intentional acts and omissions, breached each and every one of the aforementioned duties owed to Plaintiffs and Decedent.

38. Defendant CITY is vicariously liable for the wrongful acts and omissions of its employees and agents pursuant to Cal. Gov. Code §815.2.

39. As a direct and proximate result of Defendants' intentional use of excessive force resulting in wrongful death, Decedent and Plaintiffs sustained injuries and damages and, against each and every Defendant is entitled to relief as set forth above

40. The intentional wrongful conduct of Defendants, as set forth herein, did not comply with the standard of care to be exercised by reasonable persons and the unreasonable use of excessive and deadly force, proximately caused Plaintiffs and Decedent to suffer injuries and damages as set forth herein. Pursuant to Government Code Section 815.2(a), Defendant CITY is vicariously liable to said Plaintiffs for injuries and damages suffered as alleged herein, incurred as a proximate result of the aforementioned intentional wrongful conduct of Defendants.

41. As a proximate result of Defendants' conduct as set forth herein, Plaintiffs suffered severe emotional and mental distress, injury having a traumatic effect on Plaintiffs' emotional tranquility, loss of care, comfort, society, familial support, financial support, and damages. Plaintiffs are entitled to recover intentional wrongful death damages

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

**FIFTH CAUSE OF ACTION**
**(Negligent Infliction of Emotional Distress)**
**(Plaintiffs against Defendants CITY and DOES 1-50)**

42. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 41 of this Complaint.

43. Defendants' conduct constituted negligent and reckless disregard of the probability of causing emotional distress. Defendant CITY officers knew that Plaintiff BRITTONI ESTRELLA was outside. She could see the neighbor's lawn from her house.

Nonetheless, the officers conducted the fatal and unreasonable use of force when they Tased and shot CHAVEZ. Plaintiff BRITTONI ESTRELLA witnessed the whole interaction between the officers and CHAVEZ. She heard CHAVEZ scream in pain when they Tased him. The officers proceeded to kill him anyway and Plaintiff was contemporaneously aware of it. Furthermore, Plaintiff BRITTONI ESTRELLA observed that CHAVEZ gasped for air after the officers shot and detained him. She immediately alerted them that CHAVEZ's breathing was irregular. The officers instead told her to stay back.

44. Defendant CITY officers knew that Plaintiffs A.C., J.C., and P.C. were inside the house. The minor Plaintiff children could hear the gunshots and screaming. Nonetheless, the officers conducted the fatal and unreasonable use of force when they Tased and shot CHAVEZ. Plaintiffs A.C., J.C., and P.C. heard the whole interaction between the officers and CHAVEZ. They heard CHAVEZ scream in pain when they Tased him. The officers proceeded to kill him anyway and Plaintiffs A.C., J.C., and P.C. were contemporaneously aware of it.

45. As a result of the actions of Defendant CITY officers' actions, Plaintiffs BRITTONI ESTRELLA, A.C., J.C., and P.C. suffered severe or extreme emotional distress. Defendants' conduct was the actual and proximate cause of the emotional distress suffered by Plaintiffs.

46. Under Government Code Section 815.2(a), Defendant CITY is vicariously liable to said Plaintiffs for injuries and damages suffered as alleged herein, incurred as a proximate result of the aforementioned wrongful conduct of said Defendants.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

**SIXTH CAUSE OF ACTION**
**(Violation of California Civil Code §52.1)**
**(PLAINTIFFS against Defendants CITY and DOES 1-50)**

47. Plaintiffs reallege and incorporate by reference herein paragraphs 1 through 46 of this Complaint.

48. Defendants' above-described conduct constituted interference, and attempted interference, by threats, intimidation and coercion, with Decedent's peaceable exercise and enjoyment of rights secured by the Constitution and laws of the United States and the State of California, in violation of California Civil Code §52.1.

49. As a direct and proximate result of Defendants' violation of California Civil Code §52.1, Decedent suffered violations of his constitutional rights, and suffered damages as set forth herein.

50. Plaintiffs are entitled to treble damages, but in no case less than $4,000 and an award of her reasonable attorneys' fees pursuant to Civil Code §52(a).

51. Under the provisions of California Civil Code §52(b), Defendants are liable for punitive damages for each violation of Civil Code §52.1, reasonable attorneys' fees and an additional $25,000.

52. Under Government Code §815.2(a), Defendant CITY OF MODESTO is vicariously liable to said Plaintiffs for injuries and damages suffered as alleged herein, incurred as a proximate result of the aforementioned wrongful conduct of Defendants.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

### SEVENTH CAUSE OF ACTION
**(Negligence)**
**(PLAINTIFFS against Defendants CITY and DOES 1-50)**

53. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 52 of this Complaint.

54. The present action is brought pursuant to §§820 and 815.2 of the California Government Code. Pursuant to Government Code §820 of the California Government Code, as public employees, Defendant DOES 1-50 are liable for injuries caused by their acts or omissions to the same extent as a private person. At all times mentioned herein, Defendant DOES 1-50 were acting within the course and scope of their employment and/or agency with Defendant CITY. As such, Defendant CITY is liable in respondent superiors for the injuries

caused by the acts and omissions of Defendant DOES 1-50 pursuant to section 815.2 of the California Government Code.

55. Defendant officers had a duty to use reasonable judgement while interacting with CHAVEZ. However, CITY officed breached their duty by ignoring CHAVEZ's mental state. They did not attempt to use verbal communication with CHAVEZ before Tasing and shooting him. CHAVEZ did not approach the officers. He did not brandish any weapons. When the officers arrived, CHAVEZ stood in a neighbor's lawn. He held a tail hitch in his hand. The officers approached CHAVEZ. He did not move nor did CHAVEZ make any sudden movements. The circumstances would have allowed officers to detain and handcuff him. However, instead officers Tased CHAVEZ. Without warning, they then shot CHAVEZ two times. Additionally, the officers continued to breach their duty when they refused to treat CHAVEZ's gunshot wounds. CHAVEZ's wife attempted to notify officers that he was gasping for air. The officers simply put a patch on him. They then waited for an ambulance to arrive.

56. CHAVEZ later died at Sutter Memorial Medical Center as a proximate and direct cause of the Defendants' negligent conduct.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

### EIGHTH CAUSE OF ACTION
**(Battery – Violation of CALIFORNIA PENAL CODE §242)**
**(PLAINTIFFS against Defendants CITY and DOES 1-50)**

57. Plaintiffs reallege and incorporate by reference herein paragraphs 1 through 56 of this Complaint.

58. Defendant officers, while working as law enforcement officers for the CITY OF MODESTO and acting within the course and scope of their duties, placed CHAVEZ in immediate fear of death and severe bodily harm by battering and shooting him without any just provocation or cause.

59. These Defendants' conduct was neither privileged nor justified under statute or common law.

60. Under Government Code §815.2(a), Defendant CITY OF MODESTO is vicariously liable to said Plaintiffs for injuries and damages suffered as alleged herein, incurred as a proximate result of the aforementioned wrongful conduct of Defendants.

61. As a result of the actions of Defendant officers, Plaintiffs suffered damages as alleged herein.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

### JURY DEMAND

Plaintiffs hereby demand a jury trial in this action.

### PRAYER

WHEREFORE, Plaintiffs pray for relief, as follows:

1. For general damages according to proof;

2. For special damages, including but not limited to, past, present and/or future wage loss, income and support, medical expenses and other special damages in a sum to be determined according to proof;

3. For punitive damages and exemplary damages in amounts to be determined according to proof as to defendants CITY, and DOES 1-50 and/or each of them;

4. Any and all permissible statutory damages;

5. For reasonable attorney's fees pursuant to 42 U.S.C. §1988;

6. For cost of suit herein incurred; and

7. For such other and further relief as the Court deems just and proper.

Dated: July 25, 2022                **Law Offices of John L. Burris**

/s/ *John L. Burris*
John L. Burris
Benjamin Nisenbaum
James Cook
Attorneys for Plaintiffs