UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRITTONI ESTRELLA, individually and as co-successor-in-interest to Decedent Paul David Chavez, Jr., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF MODESTO,<br><br>Defendant. | No. 1:22-cv-00921-MCE-JDP<br><br>**MEMORANDUM AND ORDER** |

By way of this action, Plaintiffs Brittoni Estrella and her three minor children ("Plaintiffs") seek to recover from Defendant City of Modesto ("Defendant") for injuries sustained when Estrella's husband and the children's father, Paul David Chavez, Jr., was shot and killed by Defendant's police officers.  The Court previously granted with leave to amend Defendant's Motion to Dismiss Plaintiffs' state law claims for failure to comply with the provisions of California's Government Claims Act (the "Act"), California Government Code §§ 810 et seq.  ECF No. 30.  Presently before the Court are a Motion for Reconsideration (ECF No. 32) and a Motion to Amend the Amended Complaint ("ECF No. 44), both filed by Plaintiffs.  For the following reasons, the Motion for

1

Reconsideration is DENIED, and the Motion to Amend is GRANTED.[1]

## ANALYSIS

### A. Motion for Reconsideration

Rule 60(b) of the Federal Rules of Civil Procedure Rule permits reconsideration of a district court order based on:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . . , misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged . . . ; or (6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60(b)(1)-(b)(6). Rule 60 reconsideration is generally appropriate in three instances: (1) when there has been an intervening change of controlling law; (2) new evidence has come to light; or (3) when necessary to correct a clear error or prevent manifest injustice. School District No. 1J v. ACandS, Inc., 5 F.3d 1255, 1262 (9th Cir.1993).

Plaintiffs' motion does not fall under any of these categories. Instead, Plaintiffs move for reconsideration on the basis that this Court failed to consider two non-binding authorities, Malear v. State, 89 Cal. App. 5th 213 (2023) and Franklin v. City of Kingsburg, No. 1:18-CV-0824 AWI SKO, 2023 WL 2976285 (E.D. Cal. Apr. 17, 2023), not presented to the Court in connection with the parties' original briefing. The fact that those cases were not cited to or by the Court does not mean that they were not considered. Rather, given that there is a split of authority, the Court cited decisions with which it agreed, and it was not required to address every non-binding case in which other judges or courts may have seen things differently. Plaintiff's Motion for

---

[1] Because oral argument would not have been of material assistance, the Court declined to set a hearing date and decides this matter on the briefs. E.D. Local Rule 230(g).

Reconsideration is DENIED.[2]

**B.     Motion to Amend**

Leave to amend should be freely given "when justice so requires."  Fed. Rule Civ. Pro. 15(a)(2).  In this case, Plaintiffs seek leave to amend to substitute newly identified individuals for Doe defendants.  Especially at this early stage in these proceedings, the Court finds amendment is appropriate.  Plaintiffs' Motion to Amend is thus GRANTED.

**CONCLUSION**

For the reasons just stated, Plaintiffs' Motion for Reconsideration (ECF No. 32) is DENIED, and their Motion to Amend (ECF No. 44) is GRANTED.  Defendant shall not be required to respond to the Second Amended Complaint.  Not later than twenty days following the date this order is electronically filed, Plaintiffs shall file their Third Amended Complaint.  Finally, the parties are advised that a scheduling order will issue shortly.

IT IS SO ORDERED.

Dated:  April 12, 2024

_____
MORRISON C. ENGLAND, JR
SENIOR UNITED STATES DISTRICT JUDGE

---

[2] The Court is aware that Plaintiffs contend the end result will be the same because they will file a new federal lawsuit setting forth only their state law claims, which would then be consolidated with this action. The Court expresses no opinion as to whether that approach would be successful, but it nonetheless reminds the parties that federal courts do not typically have subject matter jurisdiction over state law claims between non-diverse parties.