UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRITTONI ESTRELLA, et al. | No. 1:22-cv-00921-DC-JDP |
| Plaintiffs, | |
| v. | ORDER FOR SUPPLEMENTAL BRIEFING ON PLAINTIFFS' PETITIONS FOR MINOR'S COMPROMISE |
| CITY OF MODESTO, et al. | |
| Defendant. | (Doc. Nos. 72, 73, 74 ) |

This matter is before the court on Plaintiffs Brittoni Estrella, A.C., J.C., and P.C.'s petitions for minor's compromise. (Doc. Nos. 72, 73, 74.) On May 17, 2024, Plaintiff Brittoni Estrella passed away well into the litigation of the instant case and her death was not proximately caused by the events giving rise to the instant-litigation. (Doc. No. 53.) Plaintiffs A.C., J.C., and P.C. are co-successors-in-interest to Plaintiff Brittoni Estrella's claims. (Doc. No. 72 at 3–4.) For the reasons explained below, the court will order Plaintiffs to provide supplemental briefing on their petitions.

This court has a duty to protect the interests of minors participating in litigation before it. *Salmeron v. United States*, 724 F.2d 1357, 1363 (9th Cir. 1983). This duty requires a district court to "conduct its own inquiry to determine whether the settlement serves the best interests of the minor." *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011) (quoting *Dacanay v.*

1

*Mendoza*, 573 F.2d 1075, 1080 (9th Cir. 1978)). In examining the fairness of a settlement of a minor's claims, the Ninth Circuit has held that a district court should focus on "whether the net amount distributed to each minor plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the minor's specific claim, and recovery in similar cases." *Robidoux*, 638 F.3d at 1181–82. Additionally, the Local Rules of this court require plaintiffs to advise the court of, among other things, the manner in which the compromise was determined and whether a conflict of interest may exist between the minors and their attorney. *See* Local Rules 202(b)–(c).

The total settlement of the case is in the amount of $5,000,000.00 including all costs and attorney's fees. (Doc. No. 73 at 3.) Of the total gross settlement, Plaintiffs A.C., J.C., and P.C.'s will each receive $1,111,111.11 including costs and attorney's fees for their claims. (Doc. Nos. 72 at 4; 73 at 4; 74 at 4.)  Plaintiff Brittoni Estrella's portion is one-third of the total settlement, or $1,666,666.67 including costs and attorney's fees. (Doc. No. 73 at 3.) As co-successors-in-interest to Plaintiff Brittoni Estrella's claims, Plaintiffs A.C., J.C., and P.C. will each receive one-third of Plaintiff Brittoni Estrella's settlement, approximately $555,555.56. (Doc. Nos. 72 at 3–4; 73 at 3–4; 74 at 3–4.)

In their petitions, Plaintiffs contend the proposed settlement is fair, reasonable, and in the best interests of the minor Plaintiffs. (Doc. Nos. 72 at 7; 73 at 8; 74 at 7.) However, this statement is insufficient to allow the court to discharge its independent duty to protect the interests of the minor Plaintiffs.

Plaintiffs do not provide any information on how the compromise was reached between the parties. Plaintiffs also provide no information or analysis on the risks and costs of bringing this case through additional litigation or trial. Further, Plaintiffs fail to cite any example of recoveries in similar cases "[f]rom which this [c]ourt can discern whether the recovery for each minor is 'fair and reasonable, in light of the facts of the case, [each] minor's specific claim, and recovery in similar cases.'" *Jones v. City of Sacramento*, No. 20-cv-00900-DJC-KJN, 2024 WL 584506, at *5 (E.D. Cal. Feb. 12, 2024) (quoting *Robidoux*, 638 F.3d at 1182) (denying plaintiffs' stipulation for approval of the minors' compromise without prejudice because, among other reasons, plaintiffs failed to identify any similar cases).

Additionally, the court requires supplemental briefing concerning the proposed attorney's fees to be awarded in connection with the representation of the minor Plaintiffs. The petitions indicate Plaintiff "Brittoni Estrella's contingency fee rate is 40% of her gross settlement in the amount of $666,666.67" and attorney's fees for the minor Plaintiffs will be at 25% of each minor's total gross recovery, $833,333.34 in total. (Doc. Nos. 72 at 4–5; 73 at 4–5; 74 at 4–5.) In effect, $1,500,000.01, 30% of the total settlement between Defendants and the minor Plaintiffs will be set aside for attorney's fees. "Absent a showing of good cause, courts in the Eastern District of California generally consider twenty-five percent of the recovery as the benchmark for attorney's fees in contingency cases for minors." *J.M. v. Tulare City Sch. Dist.*, No. 21-cv-01766-KJM-EPG, 2025 WL 436146, at *3 (E.D. Cal. Jan .27, 2025).

Accordingly, in light of the above identified issues the court will order Plaintiffs to provide supplemental briefing on their petitions for minor's compromise.

## CONCLUSION

For the reasons explained above:

1.      Plaintiffs' petitions for minor's compromise for minor Plaintiffs A.C., J.C., and P.C. (Doc. Nos. 72, 73, 74) remain pending; and

2.      Within fourteen (14) days of the date of entry of this order, Plaintiffs shall file a supplemental brief addressing the aforementioned issues raised in this order.

IT IS SO ORDERED.

Dated:    **March 10, 2026**

_____

Dena Coggins
United States District Judge

3