UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BRITTONI ESTRELLA, et al.

Plaintiffs,

v.

CITY OF MODESTO, et al.,

Defendants.

No. 1:22-cv-00921-DC-JDP

ORDER GRANTING MOTION TO SEAL PORTIONS OF PLAINTIFFS' PETITIONS FOR MINOR'S COMPROMISE

(Doc. No. 75)

On February 20, 2026, Plaintiffs A.C., J.C., and P.C., minors, by and through their guardian *ad litem* Teresa Clutter, filed petitions for minor compromise. (Doc. Nos. 72, 73, 74.) In support of their petitions, Plaintiffs filed the pending motion to seal portions of Plaintiffs' petitions for minor's compromise. (Doc. No. 75.) Defendants did not submit any opposition to Plaintiffs' motion to seal. For the reasons explained below, the court will grant Plaintiffs' motion to seal portions of Plaintiffs' petitions for minor's compromise.

The court recognizes that all documents filed with the court are presumptively public. *San Jose Mercury News, Inc. v. U.S. Dist. Court*, 187 F.3d 1096, 1103 (9th Cir. 1999) ("It is well-established that the fruits of pretrial discovery are, in the absence of a court order to the contrary, presumptively public."). However, courts may permit a party to file under seal documents, such as briefing in support of (or in opposition to) motions for summary judgment and exhibits thereto,

1

where that party shows "compelling reasons" to support maintaining secrecy of those documents. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006); *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016) (applying "compelling reasons" standard to motions that are "more than tangentially related to the merits"). "In general, 'compelling reasons' sufficient to . . . justify sealing court records exist when such 'court files might . . . become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana*, 447 F.3d at 1179 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)).

Here, Plaintiffs assert the names and birthdates of the minor Plaintiffs should be sealed. (Doc. No. 75.) The court finds Plaintiffs' request is appropriate. Pursuant to Local Rule 140, the full names and dates of birth of the minor Plaintiffs are required to be redacted. L.R. 140(a); *see Estate of Levingston v. Cnty. of Kern*, No. 16-cv-00188-DAD-JLT, 2017 WL 4700015, at *2 (E.D. Cal. Oct. 19, 2017) (finding a minor's name and birthdate "are required to be redacted, at least in part, by Local Rule 140 . . ."). Thus, the court will grant Plaintiffs' motion.

Accordingly,

1. Plaintiffs' motion to seal portions of Plaintiffs' petitions for minor's compromise (Doc. No. 75) is GRANTED; and

2. Within three (3) days from the date of entry of this order, Plaintiffs shall email PDF copies of the unredacted petitions of minor's compromise for Plaintiffs A.C., J.C., and P.C. to ApprovedSealed@caed.uscourts.gov for filing under seal on the docket in this case.

IT IS SO ORDERED.

Dated: **March 19, 2026**

Dena Coggins
United States District Judge

2