UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRITTONI ESTRELLA, et al. | No. 1:22-cv-00921-DC-JDP |
| Plaintiffs, | |
| v. | ORDER GRANTING PETITIONS FOR MINOR'S COMPROMISE AND REQUEST TO SEAL |
| CITY OF MODESTO, et al. | |
| Defendants. | (Doc. Nos. 72, 73, 74, 79 ) |

This matter is before the court on Plaintiffs Brittoni Estrella, P.C., A.C., and J.C.'s ("Plaintiffs") petitions for minor's compromise and request to seal. (Doc. Nos. 72; 73; 74; 79.) For the reasons explained below, the court will grant Plaintiffs' petitions and grant in part their request to seal.

**BACKGROUND**

Plaintiffs P.C., A.C., and J.C., the children of Plaintiff Estrella and Paul David Chavez, are respectively twelve, ten, and eight-year-old-males, but were eight, six, and five years old at the time of the incident giving rise to this action. (Doc. Nos. 72; 73; 74; 76; 78.) Plaintiff Estrella passed during the litigation of the instant case; her death was not proximately caused by the events giving rise to this case. (Doc. Nos. 53, 55, 78.) Plaintiffs P.C., A.C., and J.C. are co-successors-in-interest to Plaintiff Estrella's claims. (Doc. Nos. 73 at 3–4; 74 at 3–4; 76 at 3–4.)

1

On June 24, 2024, this court appointed Teresa Clutter as guardian *ad litem* for Plaintiffs P.C., A.C., and J.C. in this action. (Doc. No. 62.)

At approximately 5:45 p.m. on July 14, 2022, Modesto Police Department officers tased and shot Mr. Chavez in rapid succession. (Doc. No. 49 at ¶ 12.) Later that evening, Mr. Chavez was pronounced dead from the gunshot wound. (*Id*. at ¶ 15.)

On July 18, 2022, Plaintiffs signed retainer agreements with Burris Nisenbaum Curry & Lacy, LLP for this action.[1] (Doc. Nos. 78-1; 84.) A week later, Plaintiffs initiated this case by filing a complaint on July 25, 2022. (Doc. No. 6.) On April 17, 2024, Plaintiffs filed the operative third amended complaint against Defendants, asserting federal civil rights and state law causes of action. (Doc. No. 49.)

The parties attended a private mediation on January 16, 2026, and reached a resolution. (Doc. No. 78 at 3.) On February 20, 2026, Plaintiffs filed the pending petitions for minor's compromise.[2] (Doc. Nos. 72; 73; 74.) That same day, Plaintiffs filed a motion to seal portions of their petitions for minor's compromise, which the court granted on March 20, 2026. (Doc. Nos. 75; 80.) Defendants did not file a response to Plaintiffs' petitions.

On March 11, 2026, the court issued an order directing Plaintiffs to provide supplemental briefing on their petitions for minor's compromise. (Doc. No. 77.) On March 18, 2026, Plaintiffs filed a supplemental brief in response to the court's order. (Doc. No. 78.) Plaintiffs also submitted redacted versions of the retainer agreements they entered into with Plaintiffs' counsel. (Doc. No. 78-2.) That same day, Plaintiffs filed a request to seal portions of their supplement brief and their

---

[1] On April 15, 2026, Plaintiffs filed a notice of errata concerning the proposed orders for minor's compromise for Plaintiffs P.C., A.C., and J.C. (Doc. No. 84.) Therein, Plaintiffs note that their counsel, the Law Offices of John Burris, evolved into Burris Nisenbaum Curry & Lacy, LLP, and that the proposed orders for minor's compromise should make payment to the Burris Nisenbaum Curry & Lacy, LLP Client Trust Account. (*Id*.) For clarity, Plaintiffs' counsel is Burris Nisenbaum Curry & Lacy, LLP.

[2] On February 23, 2026, Plaintiffs filed a notice of errata concerning the petition for minor's compromise for Plaintiff A.C. (Doc. No. 76.) Therein, Plaintiffs provided the court with Plaintiff A.C.'s correct year of birth and the final lump sum payment he was due. (*Id*.) Plaintiffs also provided the court with a corrected petition for minor's compromise for Plaintiff A.C. (Doc. No. 76-1.)

2

retainer agreements. (Doc. No. 79.) Defendants did not file a response to Plaintiffs' request to seal. On April 15, 2026, Plaintiffs filed corrected proposed orders for their petitions for minor's compromise for Plaintiffs P.C., A.C., and J.C. (Doc. Nos. 84-1; 84-2; 84-3.)

**LEGAL STANDARD**

This court has a duty to protect the interests of minors participating in litigation before it. *Salmeron v. United States*, 724 F.2d 1357, 1363 (9th Cir. 1983). This duty requires a district court to "conduct its own inquiry to determine whether the settlement serves the best interests of the minor." *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011) (quoting *Dacanay v. Mendoza*, 573 F.2d 1075, 1080 (9th Cir. 1978)). In examining the fairness of a settlement of a minor's claims, the Ninth Circuit has held that a district court should focus on "whether the net amount distributed to each minor plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the minor's specific claim, and recovery in similar cases." *Robidoux*, 638 F.3d at 1181–82. While the Ninth Circuit limited its holding in *Robidoux* to cases involving the settlement of a minor's federal claims, district courts have applied the *Robidoux* standard to cases involving the settlement of both federal and state claims. *See Sandoval v. City of Los Angeles*, No. 18-cv-10715-FLA-PLA, 2022 WL 22870074, at *1 (C.D. Cal. Aug. 8, 2022); *A.G.A. v. Cnty. of Riverside*, No. 19-cv-00077-VAP-SP, 2019 WL 2871160, at *3 n. 1 (C.D. Cal. Apr. 26, 2019) (collecting cases).

In addition, the Local Rules of this court require a motion for approval of a proposed minor's compromise to disclose, among other things: (1) the age and sex of the minor; (2) the nature of the causes of action to be settled or compromised; (3) the facts and circumstances out of which the causes of action arose, including the time, place, and persons involved; (4) the manner in which the compromise amount or other consideration was determined, including such additional information as may be required to enable the court to determine the fairness of the settlement or compromise amount; and (5) if the minor has a personal injury claim, the nature and extent of the injury with sufficient particularity to inform the court whether the injury is temporary or permanent. *See* L.R. 202(b)(2).

/////

Further, Local Rule 202(c) provides:

> [w]hen the minor or incompetent is represented by an attorney, it shall be disclosed to the [c]ourt by whom and the terms under which the attorney was employed; whether the attorney became involved in the application at the instance of the party against whom the causes of action are asserted, directly or indirectly; whether the attorney stands in any relationship to that party; and whether the attorney has received or expects to receive any compensation, from whom, and the amount.

Local Rule 202 also provides guidelines regarding the disbursement of money to minors. L.R. 202(e). Money or property recovered on behalf of a minor will be: (1) disbursed to the representative pursuant to state law upon a showing that the representative is duly qualified under state law, (2) disbursed otherwise pursuant to state law, or (3) disbursed pursuant to such other order as the court deems proper for the protection of the minor. (*Id*.)

**ANALYSIS**

**A.    Plaintiffs' Request to Seal (Doc. No. 79)**

As a preliminary matter, the court first addresses Plaintiffs' request to seal portions of their supplemental brief and retainer agreements. Plaintiffs assert that sealing portions of their supplemental brief and retainer agreements is necessary because those documents contain the names and birthdates of the minor Plaintiffs. (Doc. No. 79 at 2–3.) Plaintiff's request to seal the minor Plaintiffs' names and dates of birth is appropriate because the full names and dates of birth of minor plaintiffs are required to be redacted under Local Rule 140(a). (*See* Doc. No. 80) (citing *Estate of Levingston v. Cnty. of Kern*, No. 16-cv-00188-DAD-JLT, 2017 WL 4700015, at *2 (E.D. Cal. Oct. 19, 2017) (finding a minor's name and birthdate "are required to be redacted, at least in part, by Local Rule 140 . . .")).

Plaintiffs also contend the court should seal portions of their retainer agreements with counsel, because those agreements "contain information that is protected under client attorney privilege." (Doc. No. 79 at 1–2.) A "party asserting the attorney-client privilege has the burden of establishing the relationship and the privileged nature of the communication." *Eastman v. Thompson*, 594 F. Supp. 3d 1156, 1175 (C.D. Cal. 2022) (quoting *United States v. Ruehle*, 583 F.3d 600, 607 (9th Cir. 2009) (citations omitted)). "In general, retainer agreements are not

4

privileged unless they reveal confidential communications between attorney and client."

*Plascencia v. Collins Asset Grp., LLC*, No. 17-cv-01505-MJP, 2019 WL 1163842, at *2 (W.D. Wash. Mar. 13, 2019) (citing *In re Osterhoudt*, 722 F.2d 591, 592–93 (9th Cir. 1983)).

Here, Plaintiffs' retainer agreements do not contain confidential communications between Plaintiffs and counsel. (Doc. No. 78-1.) Therefore, the court will deny Plaintiffs' request to seal portions of their retainer agreements except as to the names and dates of birth of the minor plaintiffs. Accordingly, the court grants in part Plaintiffs' request to seal.

**B.      Terms of the Settlement**

Under the terms of the settlement, Defendants have agreed to pay a gross settlement amount of $5,000,000, including all costs and attorney's fees. (Doc. Nos. 73 at 3; 74 at 3; 76-1 at 3.) The gross settlement will be apportioned as follows: (1) Plaintiffs P.C., A.C., and J.C. will each receive $1,111,111.11, including costs and attorney's fees for their claims; and (2) Plaintiff Estrella's estate will receive $1,666,666.67, including costs and attorney's fees for her claims. (Doc. Nos. 73 at 3–4; 74 at 3–4; 76-1 at 3–4.)

Plaintiffs P.C., A.C., and J.C.'s retainer agreements with Plaintiffs' counsel provide for a 25 percent contingency fee of their gross award, approximately $277,777.78 each. (Doc. No. 78 at 2.) Plaintiff Estrella's retainer agreement provides for a 40 percent contingency fee for her gross award, approximately $666,666.67. (Doc. Nos. 73 at 4; 74 at 4; 76-1 at 4.) In total, the settlement provides approximately $1,500,000 in attorney's fees. (Doc. No. 77 at 3.) Additionally, Plaintiffs' attorneys seek reimbursement for total litigation costs of $46,565.65. (*Id.*) The total litigation costs will be apportioned as follows: (1) Plaintiffs P.C., A.C., and J.C. will each bear one-third of two-thirds of the total litigation costs, $10,347.92 each; and (2) Plaintiff Estrella's estate will bear one-third of the total litigation costs, $15,521.88. (*Id.*)

After the deduction of attorney's fees and costs, Plaintiffs P.C., A.C., and J.C.'s net recovery will be $822,985.41 each, and Plaintiff Estrella's estate's recovery will be $984,478.12. The net award to Plaintiff Estrella's estate will then be split between the minor plaintiffs. (Doc. No. 78 at 6.) In total, Plaintiffs P.C., A.C., and J.C.'s net recovery will be $1,151,144.78 each, to be used to fund a Federal Deposit Insurance Corporation ("FDIC") insured court-blocked account

and structured settlement annuity for each minor Plaintiff. (Doc. Nos. 73 at 5–7; 74 at 5–7; 76-1 at 5–7.)

**C.      Reasonableness of Settlement**

The court next addresses the reasonableness of Plaintiffs' proposed settlement for the minor plaintiffs. First, the court finds that Plaintiffs have complied with the requirements of the Local Rules. Plaintiffs provide the information required by Local Rule 202(b) and (c), namely Plaintiffs P.C., A.C., and J.C.'s ages and sex, the nature of their claims to be settled, the facts out of which their claims arose, and the manner in which the settlement amount was determined. (*See* Doc. Nos. 73; 74; 76-1; 78.) Plaintiffs also provide sufficient details regarding the terms of employment of their attorneys in this case. (Doc. Nos. 73 at 7; 74 at 7; 76-1 at 7.)

Plaintiffs contend the settlement is fair and reasonable given the risk of trial. (Doc. No. 78 at 4.) Specifically, Plaintiffs contend the police officers use of deadly force on Mr. Chavez was not justified. (*Id*.) However, Plaintiffs acknowledge the facts of the case showed Mr. Chavez was holding a tail hitch in his hands when the officers shot him, and a jury could find he was a threat to the officers that would have justified their use of deadly force. (*Id*.) In light of these facts, Plaintiffs' concerns regarding the risk of trial are well-founded.

Plaintiffs also contend the settlement is fair and reasonable because it is in line with their economic experts' opinion that "the case could be worth between 4.8 to 17.4 million if Plaintiffs succeeded at trial." (Doc. Nos. 78 at 4; 78-2.) Plaintiffs note that even if they had succeeded at trial, the possibility of a nominal judgment still existed, and the additional costs of trial and appeals may have caused a significantly reduced award. (Doc. No. 78 at 4.) Plaintiffs' concerns are well taken. The settlement provides for the certainty of recovery in line with Plaintiffs' expert's estimate, as opposed to the uncertainty inherent in litigation and trial.

In their supplemental brief, Plaintiffs identify examples of recoveries in similar cases involving the death of a parent from a police interaction. (*Id*. at 5.) The court finds Plaintiffs' cited cases are comparable to this action and support the reasonableness of the settlement in this case. Further, based on the court's independent research, the court finds Plaintiffs P.C., A.C., and J.C.'s net recovery, $1,151,144.78 each, is at least commensurate with, if not more valuable than

6

settlement amounts approved by courts for minors in cases with similar factual circumstances. *See Ortiz v. Cnty. of Trinity*, No. 21-cv-02248-DJC-AC, 2025 WL 1735387, at *2 (E.D. Cal. June 20, 2025) (finding a net settlement amount of $300,000.00 to each minor in an action involving the shooting and killing of their father by a police officer reasonable); *Doe v. Gill*, No. 11-cv-04759-CW, 2012 WL 1939612, at *1–2 (N.D. Cal. May 29, 2012) (approving minor's compromise in the net amount of $7,188.85 in a wrongful death action involving the shooting and killing of the minor's mother by police officers); *Estate of Umana v. Nat'l City*, No. 22-cv-01657-GPC-SBC, 2025 WL 2576500, at *1, 4 (S.D. Cal. May 30, 2025) (approving minor's compromise for wrongful death of minor plaintiff's father by police officers in the net amount of $308,632).

Additionally, the proposed method of distributing the settlement appears to be fair and reasonable. Local Rule 202(e) requires money or property recovered on behalf of a minor to be "(1) disbursed to the representative pursuant to state law upon a showing that the representative is duly qualified under state law, (2) disbursed otherwise pursuant to state law, or (3) disbursed pursuant to such other order as the Court deems proper for the protection of the minor or incompetent person." L.R. 202(e).

Here, Plaintiffs explain that part of Plaintiffs P.C., A.C., and J.C.'s net recovery, $51,144.87 each, shall be placed in an FDIC-insured court-blocked account. (Doc. Nos. 73 at 5; 74 at 5; 76-1 at 5.) Each FDIC-insured court-blocked account will provide monthly payments to Teresa Clutter for the benefit of the minor plaintiffs until they reach their eighteenth birthday. (*Id.*) All the funds remaining in the FDIC-insured court-blocked accounts will be made immediately payable to the minor plaintiffs upon their eighteenth birthdays. (*Id.*); *see Fonua v. Martinez*, No. 21-cv-03644-RS, 2024 WL 3906729, at *2 (N.D. Cal. Aug. 20, 2024) (approving minor's comprise providing for a FDIC-insured court-blocked account). Plaintiffs P.C., A.C., and J.C.'s remaining net recovery, $1,100,000.00 each, will be placed into structured annuities from which each minor plaintiff will receive six periodic payments after they reach their eighteenth

/////

/////

birthday.[3] (Doc. Nos. 73 at 5–7; 74 at 5–7; 76-1 at 5–7); *see Porter v. Cnty. of Solano*, No. 21-cv-01473-KJM-JDP, 2025 WL 2998536, at *2 (E.D. Cal. Sep. 2, 2025) (approving minors' compromise involving a structured annuity with distributions commencing on minor plaintiffs' eighteenth birthdays).

Based on the information provided in the petitions, the facts and circumstances of this case, the results achieved in comparable cases, and the net amount to be paid to Plaintiffs P.C., A.C., and J.C., the court finds the parties' proposed settlement for the minor plaintiffs to be fair and reasonable.

Lastly, the court notes that Plaintiffs' counsel, Burris Nisenbaum Curry & Lacy, LLP, will be awarded "[i]n effect" 30 percent of the total settlement in attorney's fees. (Doc. No. 77 at 3); *see J.M. v. Tulare City Sch. Dist.*, No. 21-cv-01766- KJM-EPG, 2025 WL 436146, at *3 (E.D. Cal. Jan. 27, 2025) ("Absent a showing of good cause, courts in the Eastern District of California generally consider twenty-five percent of the recovery as the benchmark for attorneys' fees in contingency cases for minors."); *McNelis v. Cnty. of El Dorado*, No. 22-cv-00369, 2023 WL 5758540, at *4 (E.D. Cal. Sep. 6, 2023) (expressing concern at a request for a forty percent contingency fee in a case involving a minor). However, this increased amount in attorney's fees largely stems from Plaintiff Estrella's portion of the settlement, and under *Robidoux*, this court's focus is limited to "whether the net recovery of each minor plaintiff is fair and reasonable, without regard to the amount received by adult co-plaintiffs and what they have agreed to pay plaintiffs' counsel." 638 F.3d at 1182. Given this controlling precedent, because the court finds Plaintiffs P.C., A.C., and J.C.'s net recovery to be fair and reasonable, the court grants the petitions for minor's compromise.

/////

/////

---

[3] California law requires a structured settlement annuity or some similar locked-in, fixed-term investment vehicle for settlements for minors exceeding $5,000. Cal. Prob. Code § 3401(c)(2); Cal. Prob. Code § 3611; *see Williams v. Cnty. of Monterey*, No. 19-cv-01811-BLF, 2020 WL 7342737, at *1–2 (N.D. Cal. Dec. 14, 2020) (recognizing that "district courts within the Ninth Circuit commonly order that such funds be deposited into a blocked account for the minor's benefit." (collecting cases)).

8

**CONCLUSION**

1.    Plaintiffs' petitions for minor's compromise for Plaintiffs P.C., A.C., and J.C. (Doc. Nos. 72; 73; 74) are GRANTED and orders as follows:

2.    Settlement Distribution:

a.    Of the total $5,000,000 settlement, $1,666,666.67 is allocated for P.C. with $566,666.67 (five hundred sixty-six thousand, six hundred sixty-six dollars, and sixty-seven cents) payable to the Burris Nisenbaum Curry & Lacy, LLP Client Trust Account, for immediate cash to fund a court-approved blocked account, attorney's fees, and costs:

b.    $1,100,000 (one million, one hundred thousand dollars) of P.C.'s portion of the settlement shall be payable to Prudential Assigned Settlement Services Corporation, to fund the obligation for the Periodic Payments illustrated in Sections 7–15 below for P.C;

c.    Of the total $5,000,000 settlement, $1,666,666.67 is allocated for A.C. with $566,666.67 (five hundred sixty-six thousand, six hundred sixty-six dollars, and sixty-seven cents) payable to the Burris Nisenbaum Curry & Lacy, LLP Client Trust Account, for immediate cash funding a court approved blocked account, attorney's fees and costs;

d.    $1,100,000 (one million, one hundred thousand dollars) of A.C.'s portion of the settlement shall be payable to Prudential Assigned Settlement Services Corporation, to fund the obligation for the Periodic Payments illustrated in Sections 7–15 below for A.C;

e.    Of the total $5,000,000 settlement, $1,666,666.67 is allocated for J.C. with $566,666.67 (five hundred sixty-six thousand, six hundred sixty-six dollars, and sixty-seven cents) payable to the Burris Nisenbaum Curry & Lacy, LLP Client Trust Account, for immediate cash to fund a court-approved blocked account, attorney's fees, and costs;

f.    $1,100,000 (one million, one hundred thousand dollars) of J.C.'s portion of

the settlement shall be payable to Prudential Assigned Settlement Services Corporation, to fund the obligation for the Periodic Payments illustrated in Sections 7–15 below for J.C;

3. Payment of fees and expenses on behalf of minor Plaintiffs P.C., A.C., and J.C.'s portion of Plaintiff Brittoni Estrella's Settlement:

   a. Attorney's fees payable to Burris Nisenbaum Curry & Lacy, LLP: $1,500,000 (one million, five hundred thousand dollars);

   b. Litigation costs payable to Burris Nisenbaum Curry & Lacy, LLP: Settlement Distribution: $46,565.65 (forty thousand, five hundred sixty-five dollars, and sixty-five cents);

4. Of minor Plaintiff P.C.'s net settlement, $51,144.78 (fifty-one thousand, one hundred forty-four dollars and seventy-eight cents) shall be placed in an FDIC-insured court-blocked account with distributions made by court order, and as follows:

   a. Payee: Teresa Clutter ("Petitioner") for the benefit of P.C.

      i. Beginning on April 1, 2026, or as soon as possible thereafter, $500 (five hundred dollars) shall be payable monthly on or after the 1st of each month until February 10, 2032;

   b. Payee P.C.

      i. Upon P.C.'s 18th birthday in 2032, all funds in the court-blocked account shall be immediately payable to P.C.;

5. Of minor Plaintiff A.C.'s net settlement, $51,144.78 (fifty-one thousand, one hundred forty-four dollars and seventy-eight cents) shall be placed in an FDIC insured court-blocked account with distributions made by court order, and as follows:

   a. Payee: Petitioner for the benefit of A.C.

      i. Beginning on April 1, 2026, or as soon as possible thereafter, $500 (five hundred dollars) shall be payable monthly on or after the 1st of each month

10

until October 5, 2033;

    b.    Payee A.C.

        i. Upon A.C.'s 18th birthday in 2033, all funds in the court-blocked account shall be immediately payable to A.C.

6. Of minor Plaintiff J.C.'s net settlement, $51,144.78 (fifty-one thousand, one hundred forty-four dollars and seventy-eight cents) shall be placed in an FDIC-insured court-blocked account with distributions made by court order, and as follows:

    a.    Payee: Petitioner for the benefit of J.C.

        i. Beginning on April 1, 2026, or as soon as possible thereafter, $500 (five hundred dollars) shall be payable monthly on or after the 1st of each month until March 20, 2035;

    b.    Payee J.C.

        i. Upon J.C.'s 18th birthday in 2035, all funds in the court blocked account shall be immediately payable to J.C.;

7. The structured settlements for minor Plaintiffs P.C., A.C., and J.C. will be executed as follows in Sections 8–15;

8. Payment by Defendants in the sum of $3,300,000 (three million, three hundred thousand dollars) to Prudential Assigned Settlement Services Corporation to provide for tax-free structured settlements set forth below;

9. The sum of $3,300,000 (three million, three hundred thousand dollars) is to be used by Defendants to arrange for the purchase of tax-fee structured settlement annuity policies from The Prudential Insurance Company of America, through Horacio Lleverino of Settlement Planners, Inc.;

10. Defendants shall execute a Settlement Agreement and Release and execute a "Qualified Assignment" of its obligation to make periodic payments pursuant thereto in compliance with Sections 104(a)(2) and Section 130(c) of the Internal Revenue Code ("IRC") of 1986, as amended. Said assignment shall be made to

11

Prudential Assigned Settlement Services Corporation ("Assignee"). Upon doing so, Defendants will no longer be obligated to make the future periodic payments and the Assignee will be minor Plaintiffs P.C., A.C., and J.C.'s sole obligor with respect to the future periodic payments, and Defendants will have no further obligations whatsoever to Plaintiffs P.C., A.C., and J.C. The Assignee shall purchase a structured settlement annuity for each minor plaintiff for $1,100,000 (one million, one hundred thousand) each through The Prudential Insurance Company of America which is rated A+ (Superior) Financial Size XV through A.M. Best.

11.   No part of the $3,300,000.00 (three million, three hundred thousand) may be paid to Petitioner, this court having determined that a tax-free structured settlement is in the best interest of the minor. Petitioner is authorized to settle claims on behalf of minor Plaintiffs P.C., A.C., and J.C., and receive and negotiate funds on behalf of the minors. No bond shall be required of Petitioner. Receipt for purchase of annuity is to be filed with the court within 60 days.

12.   The following periodic payments will be made by The Prudential Insurance Company of America:

a.   Payee P.C.

i.   Guaranteed Lump Sum Payment - $100,000.00 lump sum payment on 2/11/2032;

ii.   Guaranteed Lump Sum Payment - $300,000.00 lump sum payment on 2/11/2036;

iii.   Guaranteed Lump Sum Payment - $400,000.00 lump sum payment on 2/11/2039;

iv.   Guaranteed Lump Sum Payment - $500,000.00 lump sum payment on 2/11/2044;

v.   Guaranteed Lump Sum Payment - $600,000.00 lump sum payment on 2/11/2049;

12

      vi.  Guaranteed Lump Sum Payment - $932,665.08 lump sum payment on 2/11/2054;

   b.  Payee A.C.

      i.  Guaranteed Lump Sum Payment - $100,000.00 lump sum payment on 10/06/2033;

      ii.  Guaranteed Lump Sum Payment - $300,000.00 lump sum payment on 10/06/2037;

      iii.  Guaranteed Lump Sum Payment - $400,000.00 lump sum payment on 10/06/2040;

      iv.  Guaranteed Lump Sum Payment - $500,000.00 lump sum payment on 10/06/2045;

      v.  Guaranteed Lump Sum Payment - $600,000.00 lump sum payment on 10/06/2050;

      vi.  Guaranteed Lump Sum Payment - $1,359,929.74 lump sum payment on 10/06/2055;

   c.  Payee J.C.

      i.  Guaranteed Lump Sum Payment - $100,000.00 lump sum payment on 3/21/2035;

      ii.  Guaranteed Lump Sum Payment - $200,000.00 lump sum payment on 3/21/2039;

      iii.  Guaranteed Lump Sum Payment - $400,000.00 lump sum payment on 3/21/2042;

      iv.  Guaranteed Lump Sum Payment - $600,000.00 lump sum payment on 3/21/2047;

      v.  Guaranteed Lump Sum Payment - $800,000.00 lump sum payment on 3/21/2052;

      vi.  Guaranteed Lump Sum Payment - $1,589,169.64 lump sum payment on 3/21/2057;

13. The future payment amounts outlined are guaranteed based upon a projected annuity purchase date of May 15, 2026. Any delay in funding the annuity may result in a delay of the payment dates or change in payment amounts that shall be recorded in the settlement agreement and release, qualified assignment document and annuity contract without the need of obtaining an amended petition/court order up to 180 days after original purchase date;

14. No part of the structured settlement annuity may be paid to Petitioner, except the monthly payments set forth herein. Said monthly funds distributed to Petitioner shall be used exclusively for the benefit of the minor plaintiffs. This court has determined that a tax-free structured settlement is in the best interest of the minor. Petitioner is authorized to settle claims on behalf of Plaintiffs P.C., A.C., and J.C., and receive and negotiate funds on behalf of the minor plaintiffs for a court blocked account. No bond shall be required of Petitioner. Receipt for purchase of annuity is to be filed with the court within 60 days;

15. On receipt of the full amount of the settlement sum here approved, Petitioner is authorized and directed to execute and deliver to Defendants a complete Settlement Agreement and Release (which shall provide for a "Qualified Assignment" in compliance with Section 130(c) of the IRC) and discharge of any and all claims of the minor plaintiffs arising from the facts set forth in the Petition, and a properly executed dismissal with prejudice;

16. Plaintiffs' request to seal (Doc. No. 79) is GRANTED in part to the extent Plaintiffs request redactions of their supplemental brief and retainer agreements containing the names and birthdates of the minor plaintiffs;

17. Within three (3) days from the date of entry of this order, Plaintiffs shall email PDF copies of their supplemental brief and retainer agreements to ApprovedSealed@caed.uscourts.gov for filing under seal on the docket in this case; and

18. The parties shall file dispositional documents by no later than ninety (90) days

14

from the date of entry of this order.

IT IS SO ORDERED.

Dated: __**May 12, 2026**__                                      _____
                                                                Dena Coggins
                                                                United States District Judge